IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN RAPHAEL JOHNSON, | ) |
| Petitioner | ) Case No. 1:19-cv-149 |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| SECRETARY JOHN WETZEL, | ) UNITED STATES MAGISTRATE JUDGE |
| PA ATTORNEY GENERAL, | ) |
| DISTRICT ATTORNEY | ) MEMORANDUM OPINION AND |
| OF ERIE COUNTY, | ) ORDER ON PETITION FOR WRIT OF |
| SUPERINTENDENT OF SCI | ) HABEAS CORPUS [ECF No. 1] |
| HUNTINGDON | ) |
| Respondents | ) |

MEMORANDUM OPINION

Before the Court is a petition for a writ of habeas corpus filed by Justin Raphael Johnson, an inmate at the State Correctional Institution at Fayette,[1] pursuant to 28 U.S.C. § 2254. ECF No. 16. For the reasons that follow, the petition will be denied.[2]

I.  Background

The Pennsylvania Superior Court set forth the following relevant procedural history:

On May 6, 2015, [Johnson] entered a negotiated guilty plea to possession of a controlled substance at Docket No. CP-25-CR-0002847-2014, and PWID [possession of a controlled substance with intent to deliver] and possession of a firearm prohibited at Docket No. CP-25-CR-0002848-2014. As part of the negotiated guilty plea, the Commonwealth *nolle prossed* the remaining charges against Johnson.

On June 30, 2015, the trial court sentenced [Johnson] to a term of 40 to 80 months' incarceration on the PWID conviction, a term of 60 to 120 months' incarceration on the possession of a firearm prohibited conviction to be served consecutively to the PWID sentence, and term of 3 years' probation for the possession of a controlled substance

---

[1] At the time this petition was filed, Johnson was incarcerated at the State Correctional Institution at Huntingdon.

[2] The parties have consented to the jurisdiction of a United States Magistrate Judge.

1

conviction to be served consecutively to the possession of firearms prohibited conviction. [Johnson's] aggregate sentence was therefore 100 to 200 months' incarceration followed by 3 years' probation.

*Commonwealth v. Johnson*, 2016 Pa. Super. Unpub. LEXIS 3897, at *1-2 (Pa. Super. 2016) (unpublished memorandum) (footnotes omitted).

The additional relevant procedural history is as follows. On October 25, 2016, the Pennsylvania Superior Court affirmed the judgment of sentence. *Id.* Johnson subsequently filed a timely petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 et seq. The petition was denied. On February 5, 2019, the Pennsylvania Superior Court affirmed the denial of the PCRA petition. *Commonwealth v. Johnson*, 2019 Pa. Super. Unpub. LEXIS 406 (Pa. Super. 2019) (unpublished memorandum).

Johnson filed this timely petition for a writ of habeas corpus on or about May 22, 2019. ECF No. 1. Respondents filed a response to the petition on July 22, 2019. ECF No. 3. The petition is now ripe for disposition.

II.   Analysis

    A.   Ground One:   Ineffective assistance of trial counsel

Johnson's first claim is as follows:

> Petitioner was denied the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution where, in advising Petitioner to plead guilty, Petitioner's trial counsel, Anthony Rodrigues, Esq, failed to advise Petitioner of the propriety of following through with the litigation of a motion to suppress the firearm allegedly located and seized from his vehicle, as well as a subsequent custodial statement alleged to have been made by Petitioner - claiming ownership of said firearm, and/or that by pleading guilty, Petitioner would be precluded from raising any challenge to the trial court's adverse disposition of said petition on appeal to the Pennsylvania Superior Court[.]

ECF No. 1 at 9.

Respondents assert that this ground is unexhausted and without merit. ECF No. 3 at 3-6.

As this Court has explained:

> As a general matter, a federal district court may not consider the merits of a habeas petition unless the petitioner has "exhausted the remedies available" in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). A petitioner satisfies the exhaustion requirement "only if [the petitioner] can show that [he or she] fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). The purpose of the exhaustion requirement is to "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.
>
> To "fairly present" a claim for exhaustion purposes, the petitioner must advance the claim's "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Bennett v. Superintendent Graterford SCI*, 886 F.3d 268, 280 (3d Cir. 2018) (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). A petitioner may exhaust a federal claim either by raising it on direct appeal or presenting it in post-conviction PCRA proceedings. *O'Sullivan*, 526 U.S. at 845. Either way, the petitioner must present his federal constitutional claims "to each level of the state courts empowered to hear those claims." *Id.* at 847 ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"). "Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied." *Stoss v. Estock*, 2019 U.S. Dist. LEXIS 83240, 2019 WL 2160464, at *3 (M.D. Pa. May 17, 2019) (citing *Castille v. Peoples*, 489 U.S. 346, 350, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989)).

*Dean v. Tice*, 2020 U.S. Dist. LEXIS 96328, at *12-13 (W.D. Pa. June 1, 2020).

Johnson concedes that he did not raise this claim before the state court. ECF No. 1 at 13. When a petitioner has failed to fairly present his claim to the state courts, but state procedural rules, such as the time limitations in the PCRA, *see* 42 Pa.C.S.A. § 9545(b), now bar him from doing so the exhaustion requirement is excused; however, the claims are considered to be procedurally defaulted. *See, e.g., Lines v. Larkins*, 208 F.3d 153, 162-66 (3d Cir. 2000). A petitioner can overcome procedural default by demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law[.]" *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In an effort to overcome his procedural default

3

of this claim, Johnson baldly asserts that the failure to raise the claim before the state court was due to PCRA counsel's ineffectiveness. ECF No. 1 at 13.

The relevant law is as follows:

> The general rule is that, because there is no federal constitutional right to counsel in a PCRA proceeding, a petitioner cannot rely upon PCRA counsel's ineffectiveness to overcome the default of a federal habeas claim. *See, e.g., Coleman*, 501 U.S. at 752-54; *Davila v. Davis*, 137 S. Ct. 2058, 2062, 198 L. Ed. 2d 603 (2017) ("An attorney error does not qualify as 'cause' to excuse a procedural default unless the error amounted to constitutionally ineffective assistance of counsel. Because a prisoner does not have a constitutional right to counsel in state postconviction proceedings, ineffective assistance in those proceedings does not qualify as cause to excuse a procedural default."). In *Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), the Supreme Court announced a limited, but significant, exception to this rule. Under *Martinez*, a Pennsylvania prisoner may argue that his PCRA counsel "caused" the default of a claim that trial counsel was ineffective. 566 U.S. at 9; *Workman v. Sup't Albion SCI*, 915 F.3d 928, 937 (3d Cir. 2019). The holding in *Martinez* is limited to defaulted ineffective-assistance-of-trial-counsel claims. *See, e.g., Davila*, 137 S. Ct. at 2062-70. It does not apply to any other type of claim. *Id.*
>
> Under *Martinez*, in order to avoid the default of an ineffective-assistance-of-trial-counsel claim, Petitioner must establish two things: (1) the ineffective-assistance-of-trial-counsel claim is "substantial"; and (2) [PCRA counsel] was ineffective within the meaning of *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]. *Martinez*, 566 U.S. at 14; *Workman*, 915 F.3d at 937. . . .
>
> The Court of Appeals has explained that an ineffective-assistance-of-trial-counsel claim is "substantial" if it has "some merit." *Workman*, 915 F.3d at 938. The evaluation of whether a claim has "some merit" is the same one that a federal court undertakes when it considers whether to grant a certificate of appealability. *Id.* Thus, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); *Workman*, 915 F.3d at 938 (a petitioner "must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should be resolved in a different manner of that the issues presented were adequate to deserve encouragement to proceed further.'"), quoting *Martinez*, 566 U.S. at 14, which cited *Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

*Hensley v. Cappoza*, 2019 U.S. Dist. LEXIS 185175, at *14-16 (W.D. Pa. Oct. 24, 2019).

The *Strickland* test is explained as follows:

> Ineffective assistance of counsel claims are governed by the familiar standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed.

4

2d 674 (1984). To prevail on a claim of ineffective assistance under *Strickland*, the Petitioner has the burden of establishing that his trial "counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 688. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Importantly, the Supreme Court emphasized that "counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment[.]'" *Burt v. Titlow*, — U.S. —, 134 S.Ct. 10, 17, 187 L. Ed. 2d 348 (2013) (quoting *Strickland*, 466 U.S. at 690). *See also Harrington v. Richter*, 562 U.S. 86, 104, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011) ("A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance.") (quoting *Strickland*, 466 U.S. at 689).

The Supreme Court also instructed:

> "Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S. at 689-690, 104 S. Ct. 2052. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge.

*Richter*, 562 U.S. at 105.

*Strickland* also requires that the Petitioner demonstrate that he was prejudiced by his trial counsel's alleged deficient performance. This places the burden on him to establish "that there is a reasonable probability that, but for counsel's unprofessional errors," the result of his trial "would have been different." *Strickland*, 466 U.S. at 694. As the United States Court of Appeals for the Third Circuit explained:

> [The Petitioner] "need not show that counsel's deficient performance 'more likely than not altered the outcome of the case' - rather, he must show only 'a probability sufficient to undermine confidence in the outcome.'" *Jacobs v. Horn*, 395 F.3d 92, 105 (3d Cir. 2005) (quoting *Strickland*, 466 U.S. at 693-94). On the other hand, it is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." [*Richter*], 131 S.Ct. at 787 (citing *Strickland*, 466 U.S. at 693). Counsel's errors must be "so serious as to deprive the defendant of a fair trial." *Id.* at 787-88 (citing *Strickland*, 466 U.S. at 687). The likelihood of a different result must be substantial, not just conceivable. *Id.*

*Brown v. Wenerowicz*, 663 F.3d 619, 630 (3d Cir. 2011).

5

*Howard v. Delbalso*, 2017 U.S. Dist. LEXIS 126581, at *5-7 (W.D. Pa. Aug. 10, 2017) (footnote omitted).

Even assuming *arguendo* that Johnson's ineffectiveness claim has "some merit," he fails to meet his burden under *Strickland*. He baldly asserts that if his counsel had advised him that, by pleading guilty, he would be unable to litigate a motion to suppress evidence related to his possession of the firearm, he would have "insisted on proceeding with the litigation of said Motion to Suppress, and further, exercising his right to a trial by jury." ECF No. 1 at 12. Johnson does not assert, much less demonstrate, that the motion to suppress would have been successful or, if it had been successful, that the suppression of this specific evidence related to the firearm would have affected the outcome of the subsequent trial. Johnson has failed to sustain his burden that to overcome the procedural default of this claim. He is thus entitled to no relief thereupon.

      B.      Ground Two: Violation of due process of law

Johnson's second claim is as follows:

> Petitioner was denied due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution where the state trial court based its decision to impose consecutive sentences for the offenses of possession of a controlled substance, 35 P.S. §780-113(A)(16), and prohibited possession of a firearm, 18 Pa.C.S. §6105(A)(1) based on factually inaccurate information, namely, that said offenses took place at different times[.]

ECF No. 1 at 15.

Johnson represents that he raised this claim before the state court in his direct appeal. *Id.* at 17. He did not. In that appeal, he challenged the sentencing court's exercise of discretion in imposing consecutive terms for the two crimes in question. Specifically, the issue he raised was:

> Whether the legal predicate cited by the sentencing Court for the imposition of a consecutive sentencing scheme at docket number 2848 of 2014 that the respective criminal offenses occurred at different times was not factually accurate and thus failed to comprise a valid and legally justifiable predicate for that sentencing election of consecutive sentences?

ECF No. 5 at 4.

6

The Pennsylvania Superior Court found that the trial court had not abused its discretion in imposing Johnson's sentence. ECF No. 3-1 at 10. Johnson did not present the due process claim that he presents here to the state courts. As set forth above, the exhaustion requirement exists in order to "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Although the claim Johnson raised in his direct appeal was based on the same facts as the claim he presents here, he did not in any manner raise a federal constitution claim in state court and thus did not exhaust this claim.

As with Ground One, Johnson failed to fairly present this claim to the state courts, but state procedural rules, *i.e.*, the time limitations in the PCRA, now bar him from doing so. Thus, the exhaustion requirement is excused; however, the claim is procedurally defaulted. *See, e.g., Lines v. Larkins*, 208 F.3d at 162-66. Although, as set forth above, a petitioner can overcome procedural default by demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law," *Coleman*, 501 U.S. at 750, Johnson asserts neither cause nor prejudice relating to this claim.

This claim is procedurally defaulted. Johnson is not entitled to relief thereupon.

C.     Conclusion

For the foregoing reasons, the petition will be denied.

III.   Certificate of Appealability

The Antiterrorism and Effective Death Penalty Act of 1996 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides

that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Johnson's claims should be dismissed because they are procedurally defaulted.

An appropriate Order follows.

ORDER

AND NOW, this 9th day of April, 2021, for the reasons set forth in the Memorandum Opinion filed contemporaneously herewith, IT IS HEREBY ORDERED that Petitioner Justin Raphael Johnson's petition for a writ of habeas corpus is denied and a certificate of appealability is denied. The Clerk of Court is directed to mark this case CLOSED as of this date.

                                                                                                       _____
                                                                                                       RICHARD A. LANZILLO
                                                                                                       United States Magistrate Judge